T.C. Memo. 2003-3

UNITED STATES TAX COURT

RICHARD M. BROCKMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3591-02.                    Filed January 7, 2003.

Richard M. Brockman, pro se.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a $3,248 deficiency in petitioner's 1998 income tax.  The issues remaining for our consideration are:  (1) Whether petitioner's place of employment was temporary so as to entitle him to deduct travel expenses; and (2) if petitioner's employment location was temporary, whether he adequately substantiated his travel expenses.

## FINDINGS OF FACT[1]

Petitioner resided in California at the time his petition was filed. He timely filed his 1998 Federal income tax return, Form 1040, U.S. Individual Income Tax Return, on which he reported wage income of $54,640. During 1998, petitioner was employed as an automobile salesman. From February 26 through the middle of June 1998, petitioner worked at Concord Honda in Concord, California (Concord). From the middle of June 1998 through October 12, 1998, petitioner worked at Honda of Serramonte in Colma, California (Colma). Petitioner's residence at all pertinent times during 1998 was in Pleasant Hill, California.

Petitioner had difficulty working with the general manager at Concord, and he approached the personnel manager with his problem. The personnel manager advised petitioner that the Concord general manager would soon be leaving the Concord location. The personnel manager offered to transfer petitioner to the Colma dealership until the troublesome general manager left Concord. The Concord dealership was only a few miles from petitioner's Pleasant Hill residence, whereas the Colma dealership is approximately 64 miles from petitioner's residence. Petitioner made 97 round trips to the Colma location.

---

[1] The parties' stipulation of facts is incorporated by this reference.

Approximately 4 months after petitioner agreed to transfer to the Colma location, the Concord general manager left. Petitioner then sought to return to Concord, and he was not permitted to do so. After petitioner was transferred to Colma, he incurred medical bills which he submitted for reimbursement. His claim was denied because the Concord personnel manager had stopped petitioner's health benefits after he transferred to the Colma location. Petitioner pressed the matter with the personnel manager, and he recouped his medical expenditures. After the incident involving the medical expenses, petitioner was not permitted to return to the Concord location, and he stopped working for the automobile dealership.

Petitioner did not itemize his personal deductions and instead claimed a standard deduction on his 1998 return. On petitioner's Schedule C, Itemized Deductions, he claimed an $11,522 loss, which comprised the following expense items:

| Expense Items | Amount |
|---|---|
| Car and truck | $7,552 |
| Depreciation and sec. 179 | 1,805 |
| Legal and professional | 209 |
| Meals and entertainment: | |
| $1,269 less 50 percent ($635) | 634 |
| Utilities | 944 |
| Other expenses: | |
| ISP fees | 319 |
| Office supplies | 59 |
| Total expenses | 11,522 |

Petitioner did not report any income on his 1998 Schedule C.
Petitioner indicated on his Schedule C that his principal
business or profession was "Online publishing".

Petitioner calculated the $7,552 in car expenses by
multiplying the 21,545 claimed business miles by $0.325 per mile
(equals $7,002), to which he added an amount for parking and
tolls.

Respondent determined that petitioner failed to report $75
of nonemployee compensation income but now agrees that petitioner
properly included said amount as part of his reported wages of
$54,640.

OPINION

Generally, taxpayers are not allowed to deduct the daily
cost of commuting to and from work, as such expense is considered
to be personal and nondeductible. Commissioner v. Flowers, 326
U.S. 465, 473-474 (1946); sec. 1.162-2(e), Income Tax Regs. One
exception from that general rule involves situations where the
transportation is to and from a temporary work location. See,
Rev. Rul. 90-23, 1990-1 C.B. 28, as amplified and clarified by
Rev. Rul. 94-47, 1994-2 C.B. 18, as modified by Rev. Rul. 99-7,
1999-1 C.B. 361.

Under the above-cited revenue rulings, taxpayers are
permitted deductions for daily transportation expenses incurred
in going between a taxpayer's residence and a temporary work

location outside the metropolitan area where the taxpayer normally lives and works. Petitioner lived in Pleasant Hill, California, and until a change in his work location, worked in nearby Concord, California. His new work location in Colma, California, was outside of the metropolitan area of his residence and his Concord work location. Respondent contends that petitioner has not shown that his position at Colma was temporary. Respondent alternatively contends, that if petitioner's position is found to be temporary, that petitioner has not sufficiently substantiated his mileage.

Petitioner's transfer to the Colma location was temporary in nature. Petitioner was unable to work with the general manager at his Concord work location. The companywide personnel manager advised petitioner that the Concord general manager would be leaving soon and that petitioner could temporarily work at the Colma dealership until the general manager left. The Colma location presented a substantial daily commute for petitioner. It was expected that petitioner would work at the Colma location for a few months and then return to Concord. Petitioner worked at the Colma location for 4 months until the Concord general manager left the Concord location. Petitioner was not allowed to return to the Concord location and terminated his employment.

Petitioner's situation is similar to those described in Mazzotta v. Commissioner, T.C. Memo. 1971-227. In that case a

school teacher was having difficulty negotiating an acceptable employment contract, and he found a 1-year position in another State.  The taxpayer in Mazzotta was found to be temporarily employed away from his home district until the difficulty was resolved.  See also Massey v. Commissioner, T.C. Memo. 1984-210; Taylor v. Commissioner, T.C. Memo. 1980-376; Rolbin v. Commissioner, T.C. Memo. 1970-186.  We, accordingly, hold that petitioner's position at Colma was temporary.  See Rev. Rul. 99-7, 1999-1 C.B. 361.

Next, we must consider whether petitioner adequately substantiated his claimed travel expenses from the Concord area to the Colma location during the 4-month period.  Petitioner prepared a calendar on which he identified each of his work days during the 4-month period that he commuted between Concord and Colma.  The situation is quite rudimentary, in that petitioner generally worked 6 days per week.  Based on his records, we find that petitioner traveled to the Colma location 97 times.  At 128 miles per round trip, petitioner's total mileage attributable to travel to his temporary position was 12,416.  Applying the established $0.325 per mile rate, petitioner's deduction attributable to his temporary position would be $4,035.20.  We find petitioner's records sufficient to establish his entitlement to a $4,035.20 deduction.  We note, however, that the $4,035.20

would be an itemized deduction and is less than the $6,250 standard deduction claimed on petitioner's 1998 return.[2]

Finally, although petitioner, in connection with an alleged online publishing activity, claimed additional mileage and other expenses on his 1998 Schedule C, he did not substantiate any of those amounts or show that he was in a trade or business other than his employment as a car salesman. Accordingly, we hold that petitioner is not entitled to any of the remaining travel or other items claimed on his 1998 Schedule C.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>

---

[2] We leave the question of whether petitioner would benefit by claiming this itemized deduction as opposed to a standard deduction to the parties' computation under Rule 155.