T.C. Summary Opinion 2009-84


UNITED STATES TAX COURT


KENNIE BLACKMON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5165-07S.                    Filed May 28, 2009.


Kennie Blackmon, pro se.

<u>Michael T. Sargent</u>, for respondent.


GUSTAFSON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all citations of sections refer to the Internal Revenue Code of 1986 (26 U.S.C.) in effect for the tax year at issue.

The Internal Revenue Service (IRS) determined a deficiency of $3,833 in the 2003 Federal income tax of petitioner Kennie Blackmon. After concessions,[2] the issue for decision is whether Mr. Blackmon is entitled to deductions under section 162 for (i) his mileage between his residence and his work site; and (ii) his purchase of work clothes, boots, and tools. On the facts proved at trial, Mr. Blackmon is not entitled to deductions under section 162 greater than respondent has conceded.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts filed December 8, 2008, and the attached exhibits are incorporated herein by this reference. At the time that he filed his petition, Mr. Blackmon resided in North Carolina.

## Mr. Blackmon's Residence and Place of Work

Mr. Blackmon is a pipe fitter and maintenance worker. He has resided in Chadbourn, North Carolina, for many years, but he has not worked in Chadbourn for many years. Since 1996 he has worked mostly, but not entirely, at a plant in Darlington, South Carolina, about 71 miles from his home (i.e., 142 miles round

---

[2]Respondent concedes that before application of the limitation imposed by section 67(a) (i.e., 2 percent of adjusted gross income), Mr. Blackmon is entitled to (i) a deduction of $300 under section 162 for the expense of tools, and (ii) a deduction of $181 for tax preparation fees under section 212(3).

trip).  During the year at issue (2003), Mr. Blackmon worked at the Darlington plant between January 1 and December 21.

On about three occasions from 1996 to 2003, there were layoffs at the Darlington plant, during which for periods of several months Mr. Blackmon worked at other jobs in Maxton, North Carolina (44 miles from Chadbourn, 88 miles round trip), Riegelwood, North Carolina (38 miles from Chadbourn, 76 miles round trip), and other locations that Mr. Blackmon could not recall at trial.  These distances were not proved at trial, but we take judicial notice of them pursuant to rule 201(b) of the Federal Rules of Evidence.  Because of these layoffs, Mr. Blackmon believes that his work in Darlington was "temporary".  He testified:  "I mean, you may go in tomorrow and be laid off, so I consider all jobs temporary."

Mr. Blackmon's 2003 Form 1040

Mr. Blackmon timely filed his 2003 Form 1040, U.S. Individual Income Tax Return, claiming the following "Job Expenses and Most Other Miscellaneous Deductions" on his Schedule A, Itemized Deductions:  (i) unreimbursed employee expenses of $25,300; (ii) tax preparation fees of $181 (which respondent has conceded); and (iii) other expenses of $500.

Mr. Blackmon's claimed unreimbursed employee expenses consisted of the following:  (i) vehicle expenses of $23,400, i.e., 65,000 business miles at the standard mileage rate of

36 cents per mile; and (ii) job expenses for "WORK CLOTHES AND BOOTS" of $1,900. Mr. Blackmon's claimed other expenses consisted entirely of an itemized deduction for "TOOLS" of $500, of which respondent has conceded $300, leaving only $200 still at issue.

Mr. Blackmon's Substantiation of His Expenses

With respect to his claimed deduction for vehicle expenses, Mr. Blackmon testified that during his employment at the Darlington plant in 2003, he drove to and from his residence and work site each workday. He presented no log, calendar, diary, work or leave record, or other written record to corroborate his mileage claim.

With respect to his claimed deduction for work clothes and boots, Mr. Blackmon testified that in his line of work as a pipe fitter, he worked in close proximity to welders, and that he purchased denim jeans, denim shirts, and boots to avoid getting burned by sparks from the nearby welding activity. He acknowledged that his claimed deduction of $1,900 for work clothes and boots was an estimate. With respect to his deduction for tools, Mr. Blackmon testified that he purchased a protracting level for $200 or $300, and "other stuff" that he could not recall in detail. However, he presented no receipts, credit card slips, canceled checks, or checkbook registers to substantiate the expenditures for work clothes, boots, or tools.

## Discussion

At issue is Mr. Blackmon's entitlement to deductions that he claimed on his 2003 tax return for job-related expenses. Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 262, however, provides that no deduction is allowed for personal, living, or family expenses. Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers are required to maintain records sufficient to substantiate their claimed deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. (26 C.F.R.).

I. Vehicle Expenses

A. Personal Versus Business Purpose

Mr. Blackmon contends that he is entitled to deduct the standard mileage rate for the miles he drove between his residence in Chadbourn, North Carolina, and his work site in Darlington, South Carolina. However, in general, the cost of daily commuting to and from work is a nondeductible personal expense. See Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); sec. 1.162-2(e), Income Tax Regs. In order to prevail, Mr. Blackmon needed to prove that his transportation to and from

work was not a normal commuting expense, but he was unable to do so.

Mr. Blackmon has not worked in Chadbourn, North Carolina, for many years. Rather, Mr. Blackmon must have other reasons, sufficient to him, for living in Chadbourn, North Carolina; and he is certainly free to live there and free to work wherever he pleases. However, it is clear that his reason for living in Chadbourn is not related to his reason for working 71 miles away in Darlington, South Carolina. Rather, personal reasons motivate that decision, and in 2003 he made his long drive to work each day for those personal reasons. Cf. <u>Tucker v. Commissioner</u>, 55 T.C. 783, 785-788 (1971).

A taxpayer <u>may</u> deduct daily transportation expenses that he incurs in going between his residence and a work location that is temporary and that is outside the metropolitan area where he lives and normally works. <u>Brockman v. Commissioner</u>, T.C. Memo. 2003-3; <u>Aldea v. Commissioner</u>, T.C. Memo. 2000-136; Rev. Rul. 99-7, 1999-1 C.B. 361. However, Mr. Blackmon does not meet this exception, both because his work at the Darlington plant was not really temporary and because there was not a single metropolitan area where he both lived and normally worked.

Although Mr. Blackmon considers his work in the Darlington plant "temporary", the facts show otherwise. He worked in the Darlington plant for 11-1/2 months of 2003 and for most of the 7

years before.  His testimony about the layoffs and his other employment was summary and vague.  Those layoffs were few and brief during his long tenure at the Darlington plant, and it is clear that the Darlington plant was always his default work location--the one to which he intended to return and did return when the layoffs were over.

Even if Mr. Blackmon's 2003 work at the Darlington plant could be characterized as temporary, the temporary nature of a job is not, in and of itself, a sufficient basis to make transportation expenses deductible.  Rather, that temporary work location must be outside the metropolitan area where he lives <u>and</u> normally works.  If a taxpayer like Mr. Blackmon <u>ordinarily</u> works outside the metropolitan area in which he lives, then his transportation expenses to a <u>temporary</u> job that is also outside the metropolitan area where he lives are not deductible.  See <u>Aldea v. Commissioner</u>, <u>supra</u>; Rev. Rul. 99-7, <u>supra</u>.  From at least as early as 1996 through the year at issue, Mr. Blackmon did not ordinarily work in the metropolitan area of Chadbourn, North Carolina, in which he lived.  Consequently, his decision to live apart from his work was a personal one; and even if his job or jobs were temporary, that fact would not render his daily transportation expense deductible.  Rather, it remains a personal commuting expense.

B.  Substantiation

Respondent contends that Mr. Blackmon's deduction of $23,400 under section 162 for vehicle expenses must be disallowed for the additional reason that he has not substantiated the mileage he claims to have driven between his residence and his work site. Section 274(d) imposes stringent substantiation requirements for claimed deductions relating to the use of "listed property", which is defined under section 280F(d)(4)(A)(i) to include passenger automobiles.  Under this provision, any deduction claimed with respect to the use of a passenger automobile, like Mr. Blackmon's, will be disallowed unless the taxpayer substantiates specified elements of the use by adequate records or by sufficient evidence corroborating the taxpayer's own statement.  See sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

The elements that must be substantiated to deduct the business use of an automobile are:  (i) the amount of the expenditure; (ii) the mileage for each business use of the automobile and the total mileage for all uses of the automobile during the taxable period; (iii) the date of the business use; and (iv) the business purpose of the use of the automobile.  See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Mr. Blackmon testified that each workday from January 1 to December 21 he drove 71 miles each way between his residence and his work site, and he claimed a deduction for 65,000 miles on his 2003 Form 1040. Mr. Blackmon has not corroborated his testimony with any records or other evidence to substantiate these claims or the other specified elements of his business use of his vehicle that are required by the regulations. Moreover, if he drove the 142-mile round trip 5 days each week during that 50-week period (i.e., 250 days), he would have driven only 35,500 miles, not the 65,000 miles alleged. Because of Mr. Blackmon's failure to present any records or other evidence to supplement his testimony, we find that he has not substantiated the required elements of his vehicle expense under section 274(d) and the regulations thereunder. Accordingly, we hold that Mr. Blackmon is not entitled to deduct his alleged vehicle expenses for transportation between his residence and his work site in 2003.

II. Purchase of Work Clothes and Boots

Respondent contends that Mr. Blackmon is not entitled to a deduction of $1,900 under section 162 for his estimated cost of work clothes and boots,[3] because he has not substantiated any such purchases during 2003. As is noted above, taxpayers are

---

[3]It is unlikely that the costs of denim jeans and shirts would be deductible in any event, because they could be worn for general or personal purposes. Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980).

required to maintain records sufficient to substantiate their claimed deductions.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  However, Mr. Blackmon has not corroborated his testimony with any records or other evidence to substantiate his claimed deduction of $1,900.  We find that Mr. Blackmon's uncorroborated testimony--in tandem with his admission that the dollar amount of his claimed deduction was a mere estimate--is insufficient to meet the substantiation requirements of section 6001.[4] Accordingly, we hold that Mr. Blackmon is not entitled to any deduction for his alleged purchase of work clothes and boots in 2003.

III. Purchase of Tools

On the basis of Mr. Blackmon's testimony at trial that he purchased a protracting level for use at his work site, respondent concedes that Mr. Blackmon is entitled to a deduction of $300 under section 162 for that purchase.  However, respondent contends that Mr. Blackmon is not entitled to an additional deduction of $200[5] under section 162 for purchasing other tools,

---

[4]The Court may estimate allowable expenses under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), but only if there is sufficient evidence in the record to provide a basis for the estimate, Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985), and the substantiation requirements under section 274(d) do not apply.

[5]Mr. Blackmon claimed on his 2003 Form 1040 a deduction of $500 for the purchase of tools.  The excess of that $500 claimed deduction over respondent's concession of a $300 deduction for a
(continued...)

because he has not substantiated any purchases of other tools during 2003.

Mr. Blackmon has not corroborated the estimate given in his testimony with any records or other evidence to substantiate his deduction of $500 for the claimed purchase of tools, as the law requires. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. In making his concession that Mr. Blackmon is entitled to a deduction of $300 under section 162 for his purchase of a protracting level, respondent has generously construed section 6001 and has applied it liberally to concede the deductibility of Mr. Blackmon's purchase. We find that Mr. Blackmon's uncorroborated testimony is insufficient to substantiate the remainder of his claimed deduction for the purchase of tools under section 6001. Accordingly, we hold that Mr. Blackmon is not entitled under section 162 to a deduction greater than respondent has conceded for Mr. Blackmon's alleged purchase of tools.

IV. Respondent's Concessions

Respondent has conceded that Mr. Blackmon is entitled to miscellaneous deductions of $181 (for tax return preparation) plus $300 (for tools), totaling $481. However, such miscellaneous deductions are deductible only to the extent that

---

[5](...continued)
protracting level is the $200 that remains in dispute.

they exceed 2 percent of the taxpayer's adjusted gross income (AGI). Sec. 67. Mr. Blackmon's AGI for 2003 was $38,799, so his miscellaneous expenses are deductible only to the extent they exceed $776 (i.e., 2 percent of $38,799). Since the conceded deductions of $481 do not exceed that amount, they do not affect the calculation of the deficiency. As a result, the IRS's determination of Mr. Blackmon's deficiency in income tax for 2003 will be sustained in full.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.