T.C. Summary Opinion 2009-127

UNITED STATES TAX COURT

LESLIE ADORNO DE CHACING AND JOSE CHACIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12954-08S.                    Filed August 11, 2009.

Leslie Adorno De Chacing and Jose Chacin, pro sese.

<u>Matthew D. Carlson</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court,

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2005, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and this opinion shall not be treated as precedent for any other case. Respondent determined a $3,338 deficiency in petitioners' income tax for 2005. The sole issue for our consideration is whether petitioners are entitled to deduct any portion of the $19,203 claimed as employee business expenses on Schedule A, Itemized Deductions, of their 2005 Form 1040, U.S. Individual Income Tax Return.

Background

Petitioners are Jose Chacin (Mr. Chacin) and Leslie Adorno De Chacing (Ms. De Chacing). Petitioners filed a joint Form 1040 for 2005 with the filing status "Married filing jointly". Petitioners resided in California at the time their petition was filed. Mr. Chacin was employed as a carpenter during 2005. Ms. De Chacing was employed as a loan officer/mortgage account executive during 2005. On Schedule A of their 2005 Form 1040, petitioners claimed $19,203 of employee business expenses,[2] including the following amounts: Travel--$13,813; union dues--$240;[3] uniforms and clothing--$1,630; tools--$850; and business referrals--$2,670. The "business referrals" expenses were

---

[2]We note that the business expenses represent a gross amount before application of the 2-percent of adjusted gross income threshold under sec. 67(a).

[3]At trial respondent conceded that petitioners are entitled to a $240 deduction for union dues.

attributable to Ms. De Chacing, and the remaining expenses were attributable to Mr. Chacin.

Mr. Chacin worked on a daily basis for a building contractor.  Each day he drove from his home to the building contractor's office and received his assignment for the day.  He would then proceed to the jobsite and perform as instructed for the day.  He drove approximately 121 miles each day.  Approximately 2 days each week Mr. Chacin would proceed from the first job to a second job where he also worked as a carpenter.  The second job was near his home, but he drove there from his first job.  Of the $13,813 claimed for travel, $8,640 was based upon a 40.5-cents-per-mile rate (for miles driven before September 1, 2005) and $5,173 was based upon a 48.5 cents per mile rate (for miles driven after August 31, 2005).  See Rev. Proc. 2004-64, sec. 5.01, 2004-2 C.B. 898, 900, as modified by Announcement 2005-71, 2005-2 C.B. 714.

Mr. Chacin maintained a log of his daily mileage.  He would list the odometer reading and allow that reading to stand until there were nonbusiness miles.  Because he drove to the same work location each day, it was not necessary to make a posting each day.  Mr. Chacin did not distinguish his mileage from his first job to his second because the second was in the vicinity of his residence.  Additionally, he believed that all of his mileage was deductible.

Discussion

Section 162 permits a deduction for ordinary and necessary expenses incurred in a trade or business. With respect to certain expenses, including use of listed property such as an automobile, section 274(d) requires more stringent substantiation. Secs. 274(d)(4), 280F(d)(4)(A)(i). To meet the section 274(d) requirements, a taxpayer must establish the expenditure with adequate records or present sufficient evidence to corroborate his own statements. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The elements to be established are the amount, date, and business purpose of the use of an automobile. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

After review of Mr. Chacin's log and his testimony, we are satisfied that he has met the substantiation requirements of section 274(d). We must still decide, however, whether his transportation costs were deductible within the meaning of section 162. To be deductible, travel expenses must be reasonable and necessary and incurred while away from home in the pursuit of business. Commissioner v. Flowers, 326 U.S. 465 (1946). However, in general, the cost of daily commuting to and from work is a nondeductible personal expense. Id. at 473-474; sec. 1.162-2(e), Income Tax Regs. A taxpayer may deduct daily transportation expenses that he incurs in going between his

residence and a work location that is temporary and that is outside the metropolitan area where he lives and normally works. Brockman v. Commissioner, T.C. Memo. 2003-3; Aldea v. Commissioner, T.C. Memo. 2000-136; Rev. Rul. 99-7, 1999-1 C.B. 361. In addition, when a taxpayer is away from home on a temporary basis, his living or travel expenses may be considered deductible business expenses. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). Employment has been defined as "temporary" if it is foreseeably terminable or lasts for a relatively short fixed duration. Boone v. United States, 482 F.2d 417, 419 (5th Cir. 1973).

Mr. Chacin's construction job was neither temporary nor away from home. Although each morning he would stop at the construction company office for direction as to his duties for the day, that was merely part of his commute from his home to his job. There was no showing that his employment with the construction company was either "temporary" or "away from home", or that the jobsites were outside the metropolitan area where he lived and worked. Accordingly, petitioner is not entitled to a deduction for the entire cost of his transportation to and from his job.

With respect to Mr. Chacin's mileage from his first job to his second, it is a long-established principle that transportation costs between jobs or jobsites may be deductible

under certain circumstances.  Steinhort v. Commissioner, 335 F.2d 496 (5th Cir. 1964), affg. and remanding T.C. Memo. 1962-233; Heuer v. Commissioner, 32 T.C. 947, 953 (1959), affd. 283 F.2d 865 (5th Cir. 1960).

Approximately 2 days each week, Mr. Chacin drove from his first job to a second job location which was near his home.  Accordingly, one-half of his mileage on those days (between jobs) was not commuting and is deductible.  On the basis of the record, we hold that petitioners are entitled to transportation expenses of $5,525 for the 2005 tax year.

For 2005 Mr. Chacin claimed expenditures had been made for tools and protective clothing for use on his carpentry jobs: $850 was claimed for tools and $1,630 for protective clothing.  There was some testimony about these expenditures, and petitioners also provided their bank statements, along with some written notations about the generic category of various expenditures (i.e., "Jose work clothes").  Mr. Chacin's recordkeeping on these items falls short of showing specific purchases, but petitioners did provide some photographs of certain equipment and work clothing.  In spite of these shortcomings, we are satisfied that petitioners are entitled to some deduction.  The photographs revealed that the work clothing was not suitable for everyday wear.  See Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958).

The Court may estimate allowable expenses under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), but only if there is sufficient evidence in the record to provide a basis for the estimate, Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985), and the section 274(d) substantiation requirements do not apply. Such approximations should be made even though it may be necessary to bear heavily upon the taxpayer, whose inexactitude is of his own making.

We have exercised our best judgment and find that petitioners are entitled to deductions of $200 for tools and $400 for work clothing for the 2005 tax year.

Finally, we consider Ms. De Chacing's claimed expenditures, totaling $2,670,[4] for referral fees, gifts, and lunch and entertainment. During 2005 Ms. De Chacing was a loan officer/mortgage account executive with a mortgage company. She indicated that it was customary to send gifts to borrowers to show appreciation for their business and to promote referrals. She also indicated that she would provide mortgage company employees, such as loan processors, underwriters, and others with gifts, lunches, and dinners to ensure that her loans received prompt processing. Additionally, Ms. De Chacing indicated that

---

[4]The amount claimed on petitioners' 2005 income tax return was a composite amount for "TOOLS/REFERRALS FOR BUSINESS EXPENSES" totaling $3,520. As discussed above, $850 of that amount was claimed for tools, leaving $2,670 for Ms. De Chacing's claimed expenditures.

it was customary to pay 25 percent of her commission to anyone who had referred a loan customer.

In support of her testimony, Ms. De Chacing provided bank statements that included charges for meals, which she had designated with handwritten notations. These notations were not made contemporaneously. No supporting documentary evidence was provided with respect to any 25-percent commissions or gifts to loan customers. With respect to lunches for loan processors, Ms. De Chacing testified that she bought lunch, coffee, etc., on several occasions for two loan processors. The stringent recordkeeping requirements of section 274(d) apply for these types of expenditure. See sec. 274(d)(2) and (3).

Considering the record and the evidence offered, we are unable to find that petitioners are entitled to any portion of the $2,670 claimed for meals, entertainment, gifts, or commissions.

We are uncertain whether the petitioners' allowable deductions will exceed the standard deduction. We leave it to the parties to compute which approach will give petitioners a larger deductible amount.

To reflect the foregoing,

Decision will be entered under Rule 155.