T.C. Summary Opinion 2010-132

UNITED STATES TAX COURT

DAVID R. HOLLAND, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7951-09S.                    Filed September 8, 2010.

David R. Holland, pro se.

Nicholas Doukas, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

    [1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2006, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,121 in petitioner's 2006 Federal income tax.

After a concession by respondent,[2] the only issue for decision is whether petitioner is entitled to the deduction for employee business expenses that respondent disallowed for lack of substantiation. We hold that petitioner is but only to the extent decided herein.

### Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of California when the petition was filed.

Throughout 2006, the taxable year in issue, petitioner lived in Coalinga, California. He did not subscribe to landline telephone service at his home but rather relied exclusively on a cellular telephone, which he used for both personal and business purposes.

---

[2] Without regard to the 2-percent floor on miscellaneous itemized deductions, see sec. 67(a), respondent concedes that petitioner is entitled to a deduction for union dues of $368 as claimed by petitioner on his return.

By profession, petitioner is (and has been for some years) an operator of heavy equipment, such as bulldozers, excavators, and similar types of machinery used in the building of highways and other construction projects. As such, petitioner is a member of Operating Engineers Local Union No. 3.[3]

During 2006, petitioner obtained most of his work assignments through signing the "out-of-work" book at the union hall in Fresno and waiting for his name to come to the top of the list. He did, however, manage to find some assignments on his own.

All of petitioner's assignments throughout 2006 were short term, lasting as little as a few days or a week to no more than a couple of months.

For the first 10 months of 2006, petitioner worked at various jobsites in California, many of which were located in the Central Valley. If the job was within 100 miles or so of his home in Coalinga, petitioner would drive back and forth on a daily basis. If the job were further afield, petitioner would stay at a motel during the workweek and return to his home in Coalinga for the weekend.

---

[3] Operating Engineers Local Union No. 3 has over 40,000 members, most of whom work as heavy equipment operators and construction workers. See http://www.oe3.org. Local Union No. 3 portrays itself as the largest construction trades local in the United States. Id. It is an affiliated local of the International Union of Operating Engineers. See http://www.iuoe.org.

For much of the last 2 months of 2006, petitioner "went into Arizona and was working for a company in Arizona."[4]

None of the expenses incurred by petitioner for transportation or for meals was reimbursed by any employer or by his union.  However, "they usually paid for the lodging".[5]

On August 3 and 4, 2006, petitioner worked for Shasta Constructors, Inc. (Shasta), at a project in Merced, California. Petitioner also worked for Shasta at the same project from August 7 through 11, 2006.  On each of those 7 days, petitioner drove from his home in Coalinga to the jobsite and back, a total of 224 miles per day.  Thus, over the course of those 7 days, petitioner drove some 1,568 work-related miles.

On October 10 through 13, 2006, petitioner worked for American Paving Co. (American Paving) at a project in Clovis, California.  Petitioner also worked for American Paving at the same project from October 16 through 19, 2006, and from October 23 through 27, 2006.  On each of those 13 days, petitioner drove from his home in Coalinga to the jobsite and back, a total of 157 miles per day.  Thus, over the course of those 13 days, petitioner drove some 2,041 work-related miles.

---

[4]  The record does not disclose the name(s) of the company or companies for whom petitioner worked nor exactly where in Arizona he worked.

[5]  Presumably, "they" were the employers.

Petitioner filed a Federal income tax return for 2006. Petitioner did not prepare the return himself; rather, it was prepared for him by a small bookkeeping and return preparation business.

On his return, petitioner itemized his deductions. Among those claimed was one for employee business expenses of $15,897, which consisted of the following:

| Item | Amount |
|------|--------|
| Form 2106 | $13,809 |
| Union dues | 368 |
| Work gloves | 550 |
| Boots | 150 |
| Cellular phone | 1,020 |
| | $15,897 |

On the Form 2106, Employee Business Expenses, petitioner claimed vehicle expenses of $10,444, travel expenses while away from home overnight (other than meals) of $525, and meals of $6,930. Next, petitioner reduced the amount for meals by $1,250 for reimbursements received; he then reduced the difference (i.e., $6,930-$1,250, or $5,680) by 50 percent. See sec. 274(n). Finally, petitioner added the balance, or $2,840, to the amounts for vehicle expenses ($10,444) and travel expenses ($525) to arrive at the total deduction of $13,809.

In part II of Form 2106, petitioner computed vehicle expenses based on the standard mileage rate of $0.45/per mile times 23,470 business miles.

In the notice of deficiency, respondent disallowed, for lack of substantiation, the entire deduction claimed by petitioner on his Schedule A, Itemized Deductions, for employee business expenses. However, at trial respondent conceded that petitioner was entitled to deduct union dues of $368 as claimed by petitioner on his return.

## Discussion

### Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Specifically, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Although section 7491(a) may serve to shift the burden of proof to the Commissioner under certain circumstances, it does not do so here for at least three independent reasons: Petitioner failed to raise the matter; petitioner failed to comply with recordkeeping and substantiation requirements, see sec. 7491(a)(2)(A) and (B); and petitioner failed to introduce the requisite quality of evidence, see sec. 7491(a)(1). Accordingly, petitioner bears the burden of proof.

Petitioner's Position and Admissions

At trial, petitioner succinctly set forth his position as well as his understanding of what this case is all about:

> * * * I did run construction. I did have expenses. I don't have records of them expenses, but I did work this construction all year long, and I had the expenses. I don't know of any job that you have no expenses for. Just because I don't have the records of it is what this is all about.

Petitioner candidly admitted at trial that "I'm not a recordkeeper" and that "I didn't save my receipts or nothing." Indeed, in response to respondent's counsel's comment on cross-examination that "We're just trying to get the facts out", petitioner replied: "Well, the only facts here is I have no receipts for this stuff."

General Principles Governing Substantiation

Like petitioner, we are not aware of "any job that you have no expenses for." But that truism does not abide, because a taxpayer is required to maintain records sufficient to substantiate deductions claimed by the taxpayer on his or her return. See generally sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.[6] This is because a tax return is merely a statement of

---

[6] Sec. 6001 provides that "Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records * * * and comply with such rules and regulations as the Secretary may from time to time prescribe."

Sec. 1.6001-1(a), Income Tax Regs., provides that "Any person subject to tax * * * shall keep such permanent books of account or records * * * as are sufficient to establish the
(continued...)

the taxpayer's claim, and the return is not presumed to be correct.  <u>Wilkinson v. Commissioner</u>, 71 T.C. 633, 639 (1979); <u>Roberts v. Commissioner</u>, 62 T.C. 834, 837 (1974).  In short, the fact that a taxpayer claims a deduction on the taxpayer's income tax return is not sufficient to substantiate the deduction claimed on the return.  <u>Wilkinson v. Commissioner</u>, <u>supra</u> at 639; <u>Roberts v. Commissioner</u>, <u>supra</u> at 837; <u>Seaboard Commercial Corp. v. Commissioner</u>, 28 T.C. 1034, 1051 (1957); <u>Halle v. Commissioner</u>, 7 T.C. 245 (1946), affd. 175 F.2d 500 (2d Cir. 1949).

The Cohan Rule and Its Limitations

As a general rule, if, in the absence of required records, a taxpayer provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of such expense and allow the deduction to that extent.  <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, the

---

⁶(...continued)
amount of * * * deductions".
    Sec. 1.6001-1(e), Income Tax Regs., provides that "The books or records required by this section shall be kept at all times available for inspection by authorized internal revenue officers or employees, and shall be retained so long as the contents thereof may become material in the administration of any internal revenue law."

Court may bear heavily against the taxpayer, whose inexactitude is of his or her own making.  Id.

Further, in order for the Court to estimate the amount of an expense, we must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Strict Substantiation for Certain Expenses

In the case of certain expenses, section 274(d) expressly overrides the so-called Cohan doctrine.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Specifically, and as pertinent herein, section 274(d) provides that no deduction is allowable for traveling expenses (including meals and lodging while away from home) or with respect to listed property as defined in section 280F(d)(4), unless the deduction is substantiated in accordance with the strict substantiation requirements of section 274(d) and the regulations promulgated thereunder.[7]  Included within the

_____

[7]  Sec. 274(d) provides in pertinent part as follows:

SEC. 274. Disallowance of Certain Entertainment, Etc., Expenses.
    (d) Substantiation Required.--No deduction or credit shall be allowed--
        (1) * * * for any traveling expense (including meals and lodging while away from home),
        (2) for any item with respect to an activity which is
                                    (continued...)

definition of listed property in section 280F(d)(4) is any passenger automobile or other property used as a means of transportation and any cellular telephone. Sec. 280F(d)(4)(A)(i), (ii), (v), (5); sec. 1.280F-6(b) and (c), Income Tax Regs.

Thus, under section 274(d), no deduction is allowable for expenses incurred for traveling expenses or in respect of listed property on the basis of any approximation or the unsupported testimony of the taxpayer. See, e.g., <u>Murata v. Commissioner</u>, T.C. Memo. 1996-321; <u>Golden v. Commissioner</u>, T.C. Memo. 1993-602. In other words, in the absence of adequate records or sufficient evidence corroborating the taxpayer's own statement, any deduction that is subject to the stringent substantiation requirements of section 274(d) is proscribed.

---

[7](...continued)
of a type generally considered to constitute entertainment, amusement, or recreation, * * *
    (3) for any expense for gifts, or
    (4) with respect to any listed property (as defined in section 280F(d)(4)),
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *

Analysis

### Expenses Subject to the Section 274(d) Standard

The bulk of the expenses subsumed in the deduction for employee business expenses is subject to the strict substantiation standard of section 274(d) because those expenses relate either to traveling expenses or to listed property (i.e., petitioner's vehicle and cell phone).

The record includes no documentation by petitioner substantiating such expenses.[8]  However, the record does include documentation obtained from two of petitioner's employers, Shasta and American Paving.[9]  That documentation, which was contemporaneously maintained by those employers, painstakingly

---

[8]  The stipulation of facts includes an exhibit, to which respondent reserved an objection, of a copy of a "2006 calendar purportedly showing recorded mileage traveled by petitioner during 2006."  At trial, petitioner candidly admitted that the calendar was not kept contemporaneously but rather was prepared from memory "three years back" in an effort to reconstruct his travel; he also frankly admitted that "there's a couple mistakes on it" and that "we do have a couple of questionables." Petitioner did not identify the "questionables", but we note that the calendar is not consistent with certain other evidence in the record.  Under the circumstances, we conclude that the exhibit does not constitute the type of documentation mandated by sec. 274(d), and we therefore sustain respondent's objection to its admissibility.

[9]  At trial, petitioner seemed surprised by this third-party documentation, even though it was included in the stipulation of facts that he had executed.  Contrary to petitioner's complaint that Shasta and American Paving had been willing to provide this documentation to respondent but not to him, the cover sheets accompanying the documentation clearly demonstrate that it had been faxed to petitioner's bookkeeper and return preparer, Tony Gomez, and not to any of respondent's agents.

details petitioner's employment by date, hour, location, and project.  That documentation, in combination with petitioner's testimony, satisfies the strict substantiation requirements of section 274(d).  Thus, without regard to the 2-percent floor on miscellaneous itemized deductions, see sec. 67(a), petitioner is entitled to a deduction for mileage expenses of $918.45 based on the standard mileage rate of $0.45/per mile times 2,041 miles.  See supra p. 4; see also Brockman v. Commissioner, T.C. Memo. 2003-3; Aldea v. Commissioner, T.C. Memo. 2000-136; Rev. Rul. 99-7, 1999-1 C.B. 361.[10]

---

[10]  The cited cases hold that a taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a temporary work location outside the metropolitan area where he or she lives and normally works.  In this regard, petitioner's employment with Shasta and American Paving was clearly temporary, and respondent did not even suggest that locations such as Clovis and Merced, 78.5 miles and 112 miles distant, respectively, from petitioner's home in Coalinga, were not outside petitioner's "metropolitan area" or that he did not normally work in such area.

But to the extent that petitioner (or his return preparer) may be under the impression that daily transportation expenses may be augmented by a flat $40 daily allowance for meals, such is not the case.  Rather, the law provides that a taxpayer's daily meals are generally nondeductible under sec. 262 as personal, living, or family expenses, see United States v. Correll, 389 U.S. 299 (1967); Barry v. Commissioner, 54 T.C. 1210, 1212 (1970), affd. per curiam 435 F.2d 1290 (1st Cir. 1970), because expenses for meals would have been incurred regardless of whether the taxpayer had engaged in any business activity, Christey v. United States, 841 F.2d 809, 814 (8th Cir. 1988); Moss v. Commissioner, 80 T.C. 1073, 1077-1078 (1983), affd. 758 F.2d 211 (7th Cir. 1985), and even though meals eaten "on the road" may cost more than those prepared at home, Barry v. Commissioner, 435 F.2d at 1291.  Expenses for meals may be deducted under sec. 162(a)(2), but only if consumed while traveling on business away

(continued...)

However, apart from the documentation obtained from Shasta and American Paving, there is nothing in the record that suffices to satisfy the strict substantiation requirements mandated by section 274(d). Although we found petitioner to be a credible individual, his testimony, standing alone, is no substitute for what section 274(d) demands. Thus, except for the allowance described in the immediately preceding paragraph, we are obliged to sustain respondent's determination disallowing the deduction claimed by petitioner for "Form 2106" and cellular phone expenses.

Expenses Subject to the Cohan Standard

Finally, the deduction in issue includes expenses for work gloves ($550) and safety boots ($150). Neither of these items is subject to strict substantiation; rather, both are subject to the more liberal Cohan standard.

Given petitioner's profession, we can well appreciate that safety boots are a necessity, as are work gloves. But while we understand that work gloves wear out or are misplaced and need to be replaced, $550 strikes us as a bit much, at least in the absence of any documentary evidence. Accordingly, without regard

---

[10](...continued)
from home "overnight", i.e., on a trip requiring that the taxpayer stop for sleep or a substantial period of rest, United States v. Correll, supra; Strohmaier v. Commissioner, 113 T.C. 106, 115 (1999), and then only if the substantiation requirements of sec. 274(d) are satisfied.

to the 2-percent floor on miscellaneous itemized deductions, see sec. 67(a), we allow $150 for safety boots and $300 for work gloves.  See <u>Cohan v. Commissioner</u>, 39 F.2d at 543-544. Respondent's determination to the contrary is not sustained.

## Conclusion

We have considered all of the arguments advanced by petitioner, and, to the extent that we have not expressly addressed any, we conclude that none supports an outcome contrary to that reached herein.

To reflect our disposition of the disputed issue, as well as respondent's concession, see <u>supra</u> note 2,

<u>Decision will be entered</u>

<u>under Rule 155</u>.